Submitted February 27, affirmed March 29, 2023

JACK UDEAN DENNING,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A177329

527 P3d 1081

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision that imposes a special condition of supervision requiring him to participate in random polygraph examinations in accordance with ORS 144.102(4)(b)(J). On review, petitioner asserts that imposing the supervision condition infringes on his right against self-incrimination under the Fifth Amendment to the United States Constitution. *Held*: The board's imposition of the polygraph condition did not run afoul of petitioner's rights under the Fifth Amendment. However, petitioner may choose on a question-by-question basis to invoke the Fifth Amendment privilege, the exercise of which cannot be punished under the terms of the supervision condition itself.

Affirmed.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision that imposes a special condition of supervision requiring him to participate in random polygraph examinations in accordance with ORS 144.102(4)(b)(J). Among his arguments on review, petitioner asserts that the imposition of the supervision condition violates his rights under the Fifth Amendment. As explained below, the imposition of the condition does not violate petitioner's rights under the Fifth Amendment, and petitioner remains free to invoke his rights against self-incrimination in response to a particular question. Accordingly, we affirm.

The procedural facts are uncontested. In 2010, petitioner pleaded no contest to unlawful sexual penetration with a foreign object and attempted unlawful sexual penetration in the first degree and was sentenced to a lengthy prison term. Shortly before he was released from prison onto post-prison supervision (PPS), the board issued an Order of Supervision Conditions that imposed a number of general and special conditions of supervision that petitioner would be subject to while he served 140 months of PPS in the community. As required by ORS 144.102(4)(b), the board imposed what is commonly referred to as the Sex Offender Package of conditions, which includes the challenged polygraph condition. More specifically, ORS 144.102(4)(b)(J) requires the following special conditions of supervision for a person who was convicted of a sex crime as defined in ORS 163A.005 and then placed on PPS:

> "Participation in random polygraph examinations to obtain information for risk management and treatment. The person is responsible for paying the expenses of the examinations. The results of a polygraph examination under this subparagraph may not be used in evidence in a hearing to prove a violation of post-prison supervision."

Petitioner sought administrative review of that condition, arguing that the condition violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, sections 10 and 12, of the Oregon Constitution. The board denied relief noting that the condition was required by ORS 144.102(4)(b)(J) and explaining

that the condition was imposed "for the purposes of risk management and treatment, and not for the purposes of proving that you violated [your] post-prison supervision." Petitioner timely sought judicial review.

On review, petitioner renews his challenge under the Fifth Amendment, arguing that the condition is unconstitutionally overbroad because it infringes on his Fifth Amendment right against self-incrimination.[1] Petitioner asserts that the board's failure to narrowly tailor the condition to explain why the condition does not contain an exception for the exercise of petitioner's constitutional rights makes the condition overbroad. We disagree. The board's imposition of the condition does not run afoul of petitioner's rights under the Fifth Amendment; rather, petitioner retains his ability to assert his Fifth Amendment rights on a question-by-question basis.

The Fifth Amendment to the United States Constitution provides, in part, that "[n]o person *** shall be compelled in any criminal case to be a witness against himself." The right against self-incrimination secured by the Fifth Amendment may be asserted in "any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 US 441, 444-45, 92 S Ct 1653, 32 L Ed 2d 212 (1972). Not only does the Fifth Amendment protect statements that could be directly incriminating, but it also protects testimony that "would furnish a link in the chain of evidence needed to prosecute the *** crime." *Hoffman v. United States*, 341 US 479, 486, 71 S Ct 814, 95 L Ed 1118 (1951).

Importantly, the privilege is not a right to refuse to honor a subpoena or take the stand as a witness. As we recently explained:

"barring exceptional circumstances, the only way a person can assert the privilege is on a question-by-question basis. As to each question asked, the party has to decide

---

[1] Petitioner does not renew his claim under the state constitution.

whether or not to raise [a] Fifth Amendment right. *Mitchell v. United States*, 526 US 314, 321-22, 119 S Ct 1307, 143 L Ed 2d 424 (1999) ('The privilege is waived for the matters to which the witness testifies, and the scope of the waiver is determined by the scope of relevant cross-examination[.] The witness himself *** determines the area of disclosure and therefore of inquiry.' (Internal citations and quotation marks omitted.)); *see also United States v. Bodwell*, 66 F3d 1000, 1001 (9th Cir 1995) (holding that Fifth Amendment invocation must occur on a question-by-question basis).

> Barring exceptional circumstances, the requirement for a question-by-question invocation is necessary for the court to determine whether the privilege applies, by evaluating whether 'the answer to that particular question would subject the witness to a real danger of *** crimination[,]' as opposed to 'a mere imaginary possibility of increasing the danger of prosecution.' *Rogers v. United States*, 340 US 367, 374-75, 71 S Ct 438, 95 L Ed 344 (1951) (internal quotation marks omitted). The witness claiming the privilege bears the burden of establishing that an answer could be injurious, although the court must construe the privilege liberally 'in favor of the right it was intended to secure.' *Hoffman v. United States*, 341 US 479, 486, 71 S Ct 814, 95 L Ed 1118 (1951)."

*State v. Rodriguez*, 301 Or App 404, 412-13, 456 P3d 312 (2019) (bracketed text in original; footnote omitted). Thus, just as the Fifth Amendment does not allow a person to disregard a subpoena to appear as a witness in court because that person must show up to invoke the right on a question-by-question basis, the Fifth Amendment does not allow an offender who is subject to a supervision condition requiring participation in random polygraph examinations to disregard a request to participate in a polygraph examination. It is at that point—while participating in a polygraph examination—that petitioner may choose on a question-by-question basis to invoke the Fifth Amendment privilege, the exercise of which cannot be punished under the terms of the supervision condition itself. That is, the board explicitly recognizes as much when the supervision condition provides, in part: "The results of a polygraph examination under this subparagraph may not be used in evidence in a hearing to prove a violation of post-prison supervision." *See, e.g.*, *United States v. Antelope*, 395 F3d 1128, 1139 (9th Cir 2005) (holding

that the revocation of probation and supervised release violated the defendant's Fifth Amendment right against self-incrimination and that such "self-protective silence" could not be punished).

Accordingly, because the imposition of the polygraph condition does not violate petitioner's rights under the Fifth Amendment, we reject his claims and affirm the board's supervision order.

Affirmed.